# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50215 | **DATE** | 6/21/2001 |
| **CASE TITLE** | Colquett vs. Rockford Register Star | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment; defendant's motions to strike and to extend briefing schedule

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice. Defendant's motions to strike and to extend the briefing schedule are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Jack Colquett, has filed a two-count complaint against defendant, Rockford Register Star, a/k/a Gannett Co., Inc. ("the Register Star"), alleging the Register Star discriminated against him on the basis of his disability (Count I) and age (Count II) in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), respectively. Jurisdiction and venue are proper under 42 U.S.C. §§ 2000e-5(f)(3), 12117(a) and 28 U.S.C. §§ 1331, 1391. Before the court is the Register Star's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56.

The court first dismisses Colquett's ADA claim because it accrued before the ADA's effective date. Colquett alleges the Register Star terminated him in December 1990 – more than one and a half years before Title I of the ADA took effect on July 26, 1992. See 42 U.S.C. § 12111 (Effective Date note). As the ADA is not retroactive, see Huels v. Exxon Coal USA, Inc., 121 F.3d 1047, 1049 (7th Cir. 1997), Colquett has no claim under the ADA.[1]

As for the ADEA claim, the Register Star argues this count should be dismissed because Colquett filed it beyond the ninety-day period of limitations. See 29 U.S.C. § 626(e). Although the court agrees, it does so for slightly different reasons than those urged by the Register Star. In an affidavit submitted in support of Colquett's response to the motion for summary judgment, Colquett's lawyer states, "I had no prior knowledge of, and never actually received a copy of the 29 Sep[t]. 1992 Notice of Rights until March 28, 2000, *except in 1999 the EEOC informed me that according to their records such a notice had issued,* but did not provide me a copy of it." (Havrilesko Aff. ¶ 12) (emphasis added) Because Colquett's lawyer admits he knew "in 1999"[2] that the EEOC had previously issued the right-to-sue letter in 1992, but waited until June 2000 to actually file suit, the court finds Colquett's claim is barred by the ninety-day statute of limitations. In this respect, Colquett's case is on all fours with Ball v. Abbott Advertising, Inc., 864 F.2d 419 (6th Cir. 1988). In Ball, the plaintiff's lawyer asked the EEOC to issue a right-to-sue letter in December 1983. In March 1984, he telephoned the EEOC and learned the letter had been issued but was returned as undeliverable. He asked the EEOC to mail a copy of the letter to the plaintiff's new address. The plaintiff received the letter in August 1984 and filed suit in November 1984. Holding that the plaintiff's claim was barred by the ninety-day limitations period, the court stated: "There is no question that in March of 1984 Ms. Ball received actual notice, through counsel, that the EEOC had issued the right-to-sue letter requested three months earlier. The courts are not required to proceed as if no such notice had been given, Ms. Ball's lawyer having sworn in an affidavit that he knew it had been. The lawyer's actual knowledge destroys any possible basis for applying the 'equitable tolling' doctrine here." Id. at 421.

This reasoning generally comports with the Seventh Circuit's explanation in Jones v. Madison Service Corp., 744 F.2d 1309 (7th Cir. 1984) (a case relied on by both Colquett and the Register Star) that the "crucial concept" in determining when the ninety-day period begins is "actual knowledge that the time period in which a suit can be filed has commenced." Id. at 1313. Notice to an attorney satisfies this condition because he is "the individual in charge of proceeding with the litigation and aware, perhaps more aware than the claimant, of the importance of such notice." Id. at 1312. Thus, although Jones specifically held that receipt of a right-to-sue letter by a claimant's attorney commences the ninety-day period, it seems a natural extension of the rationale underlying Jones that a lawyer's "actual knowledge" that a right-to-sue letter has been issued, along with his knowledge of the consequences of that fact, has the same effect. Cf. Trinkle v. Bell Litho, Inc., 627 F. Supp. 764, 765 (N.D. Ill. 1986) (unrepresented plaintiff's awareness that right-to-sue notice had been issued is insufficient to trigger limitation period because plaintiff was unaware of requirement that lawsuit must be filed within ninety days of receiving the notice). This is especially so in this case as Colquett's lawyer holds himself out as someone who has been "practicing employment discrimination law for over 20 years, and [who has] filed hundreds of charges of discrimination with the IDHR and the EEOC." (Havrilesko Aff. ¶ 8) As such, he unquestionably understands quite well the significance of a right-to-sue letter and certainly had "actual knowledge," when the EEOC informed him the letter already had been issued some seven years ago, that the ninety-day period had in fact commenced. Yet, even assuming December 31, 1999, was the soonest Colquett's counsel learned about the right-to-sue letter,[3] placing the ninetieth day around the end of March 2000, he still did not file suit until three more months after that in June 2000. To find Colquett's suit timely under these circumstances would allow a claimant's attorney to extend the ninety-day period at his whim: despite being aware a right-to-sue letter had been issued, the lawyer could just sit on his hands and wait to request a copy of the letter when it is more convenient for him or the claimant to do so, all the while tolling the statute of limitations. The court does not believe the statute or the case law permit such a result.

For the reasons stated above, the Register Star's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice. Its motions to strike and to extend the briefing schedule are denied as moot.[4]

---

[1] The court raised this issue with the parties *sua sponte* and asked both sides to brief the issue. Colquett's counsel notified the court he would not be submitting such a brief, all but conceding the dismissal of his ADA claim on this ground.

[2] Giving Colquett the benefit of the doubt on the Register Star's motion for summary judgment, the court reads "in 1999" to mean December 31, 1999 – the latest possible date "in 1999."

[3] Because Colquett's lawyer admits he knew in 1999 the right-to-sue letter had been issued, this fact is undisputed. For that reason, it is not necessary for the court to hold the sort of evidentiary hearing mentioned in Jones. See id., 744 F.2d at 1314.

[4] In the future, should defense counsel believe extension of the briefing schedule is required (for whatever reason), he must file a motion to do so *before* the deadline he is seeking to extend, not four months afterwards and not as a request included in some other motion. One option to avoid this problem altogether (and one the court prefers) is not to file such a motion to strike at all, but simply incorporate in the reply brief any arguments that would have been made in the motion to strike.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division



Jack Colquett

v.

Rockford Register Star

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50215

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and this case is hereby dismissed in its entirety with prejudice. Defendant's motions to strike and to extend the briefing schedule are denied as moot.

All orders in this case are now final and appealable.

FILED-WD
2001 JUN 21 PM 3:08
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 6/21/2001

Susan Wessman, Deputy Clerk